Tamara D. DeHaan, Esq., #113932
LAW OFFICES OF TAMARA D. DeHAAN
444 West C Street, Suite 350
San Diego, CA 92101-3533
Ph: (619) 544-0715
Fax: (619) 544-1215

Attorney for Material Witness/es

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Magistrate Case No. 08mj8512 |
| | ) | |
| Plaintiff, | ) | NOTICE OF MOTION AND MOTION TO SET VIDEOTAPE DEPOSITION OF MATERIAL WITNESS AND REQUEST FOR STATEMENT OF REASONS IN SUPPORT OF CUSTODY |
| v. | ) | |
| Adrian TEJADA-Garduza, et al., | ) | |
| | ) | Hearing Date: 8/08/08 |
| Material Witnesses. | ) | Time: 10:00 a.m. |
| | ) | Dept: El Centro – 2nd Floor |
| | ) | Magistrate Judge: Peter C. Lewis |

**TO KAREN P. HEWITT , UNITED STATES ATTORNEY, AND TO THE ATTORNEYS OF RECORD FOR CARLOS RAMOS-GALDAMEZ AND JOUANNI FRANCISCO PEREZ-TINOCO, DEFENDANTS NAMED IN CRIMINAL CASE NUMBER 08CR1696-H ASSOCIATED HEREWITH:**

PLEASE TAKE NOTICE that on August 8, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard, material witness ADRIAN TEJADA-GARDUZA (“Material Witness”) by the through his counsel, Tamara D. DeHaan, will bring a motion for a court order to take a videotaped deposition of the Material Witness. All opposition to the within Motion must be filed with the Court and served on Counsel for the moving party.

**MOTION**

ADRIAN TEJADA-GARDUZA, by and through his counsel, Tamara D. DeHaan, Esq., and pursuant to 18 U.S.C. §§ 3142 and 3144, and Federal Rules of Criminal Procedure, Rule 15, hereby moves this court for an order to take his deposition by videotape, and release him at the conclusion of the deposition. If the court denies said motion, then it will be further requested that the U.S. Attorney provide the Material Witness with a Statement of Reasons in Support of Custody in accordance with Federal Rules of Criminal Procedure., Rule 46 (h)(1) and (2).

This motion is based upon this Notice, the Memorandum of Points and Authorities in Support thereof, the Declaration of Tamara D. DeHaan, Esq., the files and records in the above-entitled cause, and any and all other information that may be brought to the Court's attention prior to, or during, the hearing on this motion.

Respectfully submitted,

DATED: August 1, 2008

LAW OFFICES OF TAMARA D. DeHAAN

By: s/Tamara D. DeHaan
Tamara D. DeHaan
Attorney for Material Witness

Tamara D. DeHaan, Esq., #113932
LAW OFFICES OF TAMARA D. DeHAAN
444 West C Street, Suite 350
San Diego, CA 92101-3533
Ph: (619) 544-0715
Fax: (619) 544-1215

Attorney for Material Witnesses

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADRIAN TEJADA-GARDUZA, et al.,<br><br>Material Witnesses. | Magistrate Case No. 08mj8512<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET VIDEOTAPED DEPOSITION OF MATERIAL WITNESS AND REQUEST FOR STATEMENT OF REASONS IN SUPPORT OF CUSTODY<br><br>Hearing Date: 8/08/08<br>Dept: 10:00 a.m.<br>Time: El Centro – 2nd Floor<br>Magistrate Judge: Peter C. Lewis |

Material Witness ADRIAN TEJADA-GARDUZA (hereinafter, "Material Witness") by and through his counsel, Tamara D. DeHaan, submits the following Memorandum of Points and Authorities in support of his motion to set videotaped deposition.

**I.**

INTRODUCTION

On or about June 4, 2008, the Material Witness ADRIAN TEJADA-GARDUZA was detained by the United States Border Patrol at San Diego County, California, in connection with the arrest of GARLOS RAMOS-GALDAMEZ and JOUANNI FRANCISCO PEREZ-TINOCO, both defendants in case number 08cr1696-H, pending in this District. The defendants have been charged with multiple

counts in violation of 8 U.S.C. § 1324, 42 U.S.C. § 408, and 18 U.S.C. § 1028. It is alleged ADRIAN TEJADA-GARDUZA witnessed the events leading to the arrest of the within defendants and thus, is being detained as a material witness under Title 18, U.S.C. § 3144.

The Material Witness is unable to arrange for his release by bail. However, it is unnecessary to keep the Material Witness in custody because his testimony can be adequately preserved through the use of a videotaped deposition.[1] The Material Witness therefore requests a court order that his testimony be preserved through the use of a videotaped deposition and, thereafter, that he be allowed to return to his home in Mexico.

**II.**

**THE TESTIMONY OF THE MATERIAL WITNESS CAN BE SECURED BY VIDEOTAPED DEPOSITION, AND THERE IS NO COMPELLING REASON TO KEEP HIM IN CUSTODY.**

Title 18, section 3144 of the United States Code provides, "No material witness may be detained…if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice."

Since depositions of material witnesses may be used at trial in criminal cases, it is only in exceptional circumstances, i.e., where the interests of justice will be denied, that a videotaped deposition is not appropriate. Torres-Ruiz v. United States, 120 F.3d 933 (9th Cir. 1997) [citing Aguilar-Ayala v. Ruiz, 973 F. 2d 411, 413 (5th Cir. 1992)] see also, 8 U.S.C. § 1324(d), Federal Rules of Evidence 804, and Federal Rules of Criminal Procedure, Rule 15. Defendants may be present at the videotaped deposition and therefore have a full and fair opportunity to cross-examine the witness. Further, the videotape provides sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of a statement. Dutton v. Evans, 400 U.S. 74, 89 (1970).

---

[1] While a witness may be detained for a reasonable period of time, the court must vigilantly guard an undocumented alien's "overriding liberty interest" and schedule a videotaped deposition at the earliest possible time. Aguilar-Ayala v. Ruis, 973 F. 2d 411, 419 (5th Cir. 1992).

The government or the defendant can effectuate the detention of a material witness upon a showing that (1) the material witness will, in all likelihood, be unavailable to testify for trial, and (2) that the use of deposition testimony will deny the defendant a fair trial because live testimony would somehow be significantly different. Aguilar-Ayala v. Ruiz, 973 F.2d at 413 (5th Cir. 1992); United States v. Humberto Rivera, 859 F.2d 1204, 1208 (4th Cir. 1988). In the instant matter, that burden would be difficult to sustain because the Material Witness has indicated a willingness to return for trial if the government makes arrangements for legal re-entry into the country and provides travel expenses.[2] (DeHaan Declaration at paragraph 8).

The Material Witness should not be detained because his testimony can be adequately secured by deposition. This case involves the testimony of no less than twelve other material witnesses whose testimony substantially mirrors that of the whole, thus making this particular witnesses' testimony cumulative of others. Additionally, based on interviews with the Material Witness, and the report submitted by the arresting agency, the facts to which the Material Witness is competent to testify are straightforward and have to do with the conditions under which he sought, obtained and maintained employment by the defendants. (DeHaan declaration at paragraph 7).

Moreover, neither the Material Witness nor his Counsel has been informed by either the government or defense attorneys of any reason why the witnesses' detention is necessary to prevent a failure of justice. (DeHaan Declaration at paragraph 8.) Quite to the contrary, the Material Witness has already spent a considerable time in jail and it is very important that he be released as soon as possible so that he may be reunited with his family in Mexico. (DeHaan Declaration at paragraph 7).

---

[2] The government would undoubtedly take reasonable steps in this case, as it has in other similar cases, to secure the witnesses' testimony at trial by personally subpoenaing the witnesses, providing travel costs, and arranging for legal re-entry of the aliens. (United States v. Eufracio-Torres, 890 F.2d 266, 2170 (10th Cir. 1989) Cert. Denied 494 U.S. 1008 (1990) [Government need not guarantee the witness will be available, only that they use good-faith efforts to secure their presence at trial]; see also, Ohio v. Roberts, 448 U.S. 56, 65 (1980) [So long as the government uses reasonable measures to secure a witness at trial, a deposition is admissible over a defendant's Confrontation Clause and hearsay objections].

For these reasons, the Material Witness requests that the court order the taking of his videotaped deposition immediately, and that he thereafter be promptly returned to Mexico.

## III.

## IF THE COURT DENIES THE MATERIAL WITNESSES REQUEST TO TAKE A VIDEOTAPED DEPOSITION, HE REQUESTS THAT THE GOVERNMENT PROVIDE HIM WITH A STATEMENT OF REASONS WHY HE MUST REMAIN IN CUSTODY.

Where a witness has been held in custody for more than 10 days, the government has an obligation to prepare a biweekly report stating the reasons why such witness should not be released following completion of his videotaped deposition. (Federal Rules of Criminal Procedure, Rule 46(h)(1) and (2).

The Material Witness is not aware of any reason why he should remain in custody, but to the extent the government knows of any such reason, he hereby requests that the government provide him with a copy of a biweekly written report indicating these reasons.

## IV.

## CONCLUSION

For the foregoing reasons, the Material Witness respectfully requests that his motion for the taking of a videotaped deposition be granted. In the alternative, the Material Witness requests that he be immediately provided with a statement of reasons why it is necessary to continue to detain him in custody.

DATED: August 1, 2008

LAW OFFICES OF TAMARA D. DeHAAN

By: s/Tamara D. DeHaan
Tamara D. DeHaan
Attorney for Material Witness

Tamara D. DeHaan, Esq., 113932
LAW OFFICES OF TAMARA D. DeHAAN
444 West C Street, Suite 350
San Diego, CA 92101-3533
PH: (619) 544-0715 FAX: (619) 544-1215

Attorney for Material Witness/es

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADRIAN TEJADA-GARDUZA, et al.,<br><br>Material Witnesses. | Magistrate Case No. 08mj8512<br><br>DECLARATION OF TAMARA D. DeHAAN, ESQ., IN SUPPORT OF MOTION TO SET VIDEOTAPED DEPOSITION OF MATERIAL WITNESS AND REQUEST FOR STATEMENT OF REASONS IN SUPPORT OF CUSTODY<br><br>Hearing Date: 8/08/08<br>Time: 10:00 a.m.<br>Department: El Centro – 2nd Floor<br>Magistrate Judge: Peter C. Lewis |

I, TAMARA D. DeHAAN, ESQ., declare:

1. I am an attorney duly licensed to practice law in the State of California, I am admitted to practice before the United States District Court for the Southern District of California, and on June 6, 2008, I was appointed as the attorney of record to represent ADRIAN TEJADA-GARDUZA (hereinafter, "Material Witness"), a material witness in the above-entitled case.

2. I am informed and believe the Material Witness is a citizen of Mexico, without a legal right to enter into, or remain in, the United States.

3. As a material witness attorney, one of my primary responsibilities is to assist in arranging the release of the material witness from the custody of the U.S. Marshal and the I.C.E. as soon as practicable. To that end, I immediately conducted an interview with the Material Witness to explain why he was being detained, and under what conditions he could be released. I informed the Material

Witness the most expedient way to be released is by having a personal surety post a court approved appearance bond. I explained to the Material Witness the bond requirements and the responsibilities of the surety. Unfortunately, the Material Witness does not know anyone who is qualified to act as a surety who is willing or able to post bond for his release from custody.

4. During the interview, the Material Witness informed me he is a husband, father and sole support of a family in Mexico, and that his wife is very ill.

5. I am not aware of any reason in this case why the Material Witness's testimony cannot be adequately secured by deposition. Likewise, I have not been informed of any such reasons by either the government, or either of the defense attorneys in criminal case number 08cr1696-H, U.S. v. Francisco Zapot-Palacios, Carlos Ramos-Galdamez, and Jouanni Francisco Perez-Tinoco.

6. The Material Witness is more than willing to discuss everything he knows about the case filed against defendants as case number 08cr1696-H with both defense and government investigators. The fact is, however, there are only a few facts relevant to this case about which the Material Witness is competent to testify: i.e. (a) When and by whom he was hired for employment in the U.S., (b) how he was paid and, (c) the method by which he was provided a social security number for purposes of tax withholding. According to preliminary interviews, all of the facts relevant to this case in the Material Witness's knowledge took place over a relatively short period of time.

7. I explained to the Material Witness the general procedure for conducting videotaped depositions, and explained further if he were released after the deposition, he may have to return to the United States to testify at trial if subpoenaed by the government or defendant. The Material Witness indicated he is willing to return if arrangements for his legal re-entry could be made, and travel expenses provided for.

I declare under penalty of perjury the foregoing is true and correct, and that this declaration was executed in San Diego, California, on August 1, 2008.

s/ Tamara D. DeHaan
Tamara D. DeHaan, Esq.
Declarant

Tamara D. DeHaan, Esq., #113932
LAW OFFICES OF TAMARA D. DeHAAN
444 West C Street, Suite 350
San Diego, CA 92101-3533
Ph: (619) 544-0715
Fax: (619) 544-1215

Attorney for Material Witness/es

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

(Honorable Peter C. Lewis)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ADRIAN TEJADA-GARDUZA, et al.,<br>Material Witnesses. | Criminal Case No. 08mj8512<br><br>DECLARATION OF SERVICE<br><br>Person/s Served: Gary Burcham, Esq.<br>Stephen Demik, ESq.<br>And U.S. Attorney<br><br>Date of Service: August 1, 2008 |

Under penalty of perjury, I declare:

1. I am an attorney duly licensed to practice law in the State of California. I am admitted to practice before the United States District Court for the Southern District of California. I am over the age of eighteen years and not a party to this action.

2. On Augsut 1, 2008, I served the above-named person/s with the following documents:

Notice of Motion and Motion for Order Shortening Time, Notice of Motion and Motion to Set Video Taped Depositions of Material Witnesses and Statement for Reasons of Continued Custody, Declaration of Tamara D. DeHaan, Esq. in Support of Motion, and Memorandum of Points and Authorities in Support of Motion

3. Service was effected by e-filing the documents with the Southern District Court via CM/ECF.

Executed on August 1, 2008, at San Diego, California.

s/Tamara D. DeHaan
Tamara D. DeHaan, Esq. - Declarant